UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE APPLICATION OF MAHMOUD VAHABZADEH.

Case No. 20-mc-80116-DMR

**ORDER ON EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

Re: Dkt. No. 1

Petitioner Mahmoud Vahabzadeh filed an ex parte application seeking permission to issue subpoenas pursuant to 28 U.S.C. § 1782 to obtain discovery for use in foreign proceedings. [Docket No. 1.] Having considered the papers and the relevant legal authority, the court grants the application in part.

## I. BACKGROUND

Petitioner Mahmoud Vahabzadeh filed this application seeking discovery in aid of foreign proceedings regarding the distribution of his late mother's estate in France. Bibi Batoul Ghoraichi was an Iranian citizen who died in Paris, France in 2014. [Docket No. 1-2 (Weissberg Decl., July 9, 2020) ¶¶ 4, 8.] Ghoraichi was survived by Petitioner, her youngest son; Mostafa Vahabzadeh, her eldest son; and Sahar, Sara, and Mohammad Vahabzadeh, who are the three children of her late son, Reza Vahabzadeh. *Id*. at ¶ 8.[1] Before her death, Ghoraichi executed two wills in which she bequeathed her entire estate in France to Petitioner. *Id*. at ¶¶ 5, 6, 8, Ex. A. Ghoraichi's estate consists of "movable assets and immovable property located in both France and Iran." In October 2014, ownership of Ghoraichi's apartment in Paris transferred to Petitioner. Weissberg Decl. ¶¶ 9,

---

[1] Because the key individuals share the same surname, the court refers to Ghoraichi's children and grandchildren by their first names for clarity and concision.

11.

In 2017, Sahar, Sara, and Mohammad filed a lawsuit in Paris Civil Court against Petitioner and Mostafa claiming a share of Ghoraichi's French estate. Mostafa subsequently filed a legal brief in that action claiming his own share of the estate. *Id*. at ¶¶ 15, 16, Exs. D, E. Petitioner, who is the defendant in the lawsuit, disputes their claims. According to Petitioner, although Mostafa, Sahar, Sara, and Mohammad have "den[ied] constantly that they have received anything" from the estate, he has evidence of "deeds of donations" of an apartment, farm, and land in Iran to Mostafa and his nieces and nephew, which he contends contradicts their claims. Weissberg Decl. ¶ 18, Ex. F.

On January 29, 2019, the Tribunal de Grand Instance de Paris ruled that the claims by Mostafa, Sahar, Sara, and Mohammad for assets of Ghoraichi's French estate "were admissible, without taking in account any assets they received in Iran from" Ghoraichi. Weissberg Decl. ¶ 19, Ex. G. Petitioner filed an appeal of the January 29, 2019 judgment and the appeal remains pending. Weissberg Decl. ¶ 20, Ex. H. According to Petitioner, Mostafa, Sahar, Sara, and Mohammad "are concealing the assets they have received in Iran . . . [and] are attempting to get an illegitimate share of [Petitioner's] bequeath." Weissberg Decl. ¶ 21.

Petitioner now seeks leave to serve two subpoenas on Mostafa, who lives in San Ramon, California, seeking information regarding Ghoraichi's estate and assets in Iran and worldwide. Petitioner's proposed subpoena for documents contains 17 requests for production of documents ("RFPs"). Mot. Ex. 1. He also seeks leave to serve a subpoena to depose Mostafa if necessary after production of the requested documents. Mot. Ex. 2.

## II.   LEGAL STANDARD

Petitioner seeks discovery pursuant to 28 U.S.C. § 1782, which states as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court . . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall

2

>be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). The purpose of section 1782 is "to provide federal-court assistance in the gathering of evidence for use in a foreign tribunal." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004); *see also Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004) (noting that section 1782 has the "twin aims" of "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts" (citation and quotations omitted)).

A district court is authorized to grant a section 1782 application where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a "foreign or international tribunal," and (3) the application is made by the foreign or international tribunal or "any interested person." 28 U.S.C. § 1782(a); *see also Intel*, 542 U.S. at 246-47; *In re Republic of Ecuador*, No. C-10-80255-CRB (EMC), 2010 WL 3702427, *2 (N.D. Cal. Sept. 15, 2010).

"However, simply because a court has the authority under § 1782 to grant an application does not mean that it is required to do so." *In re Republic of Ecuador*, 2010 WL 3702427, at *2 (citing *Intel*, 542 U.S. at 264). The Supreme Court has identified several discretionary factors that a court should take into consideration in ruling on a Section 1782 request: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65.

### III.  DISCUSSION

#### A.  Authority to Issue Subpoena

The court has reviewed Petitioner's application and determines that the statutory requirements of section 1782 have been satisfied. First, Mostafa Vahabzadeh resides in San

1  Ramon, California, which is in this district.  Second, the requested discovery is for use in
2  proceedings pending in a French civil court, which is a foreign tribunal.  Finally, Petitioner
3  qualifies as an "interested person" because he is a defendant and appellant in the French action,
4  which makes him a litigant and clearly an "interested person" within the meaning of section 1782.
5  *Intel*, 542 U.S. at 256.

### B. Discretionary Factors

Having concluded that it has the authority to issue the subpoenas, the court turns to whether the four discretionary factors identified by the Supreme Court weigh in favor of or against issuance of the subpoenas.

With respect to the first discretionary factor, the Supreme Court has noted that "when the person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad.  A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence.  In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264 (internal quotations and citations omitted).  Here, Mostafa is a party to the French proceedings.  However, according to Petitioner's counsel, the documents Petitioner seeks to obtain from Mostafa in California are outside the reach of the French court's jurisdiction.  Weissberg Decl. ¶ 30.  Thus, the first factor weighs in Petitioner's favor.

The second factor examines the nature and receptivity of the foreign tribunal.  Petitioner presents the declaration of an attorney who practices in France who states that the documents requested by the subpoena are relevant to the issues on appeal and that they can be presented to the court in the appeal.  He also states that in 2016, the Civil Court of Paris "expressly recognized a party's right to introduce evidence collected in proper and competent discovery proceedings in the United States . . . ." *Id*. at ¶ 27.  Further, according to Petitioner's attorney, appellate proceedings in France are not limited to reviewing the trial court's record; "it is possible to present new facts and make new factual arguments" in those proceedings.  *Id*. at ¶ 28.  Therefore, this factor weighs in

4

Mahmoud's favor.

The fourth factor examines whether the requested discovery is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.  "Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information." *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016).  On their face, the RFPs do not appear to be unduly burdensome or untailored.  Petitioner's RFPs seek information regarding Ghoraichi's assets, transfers of Ghoraichi's assets to any relatives before her death, and Mostafa's inheritance of any shares of Ghoraichi's estate and the estate of his brother, Reza.  However, Petitioner did not submit a list of topics for examination in the proposed deposition subpoena, and the court is therefore unable to assess whether the requested deposition is "unduly intrusive and burdensome."  Accordingly, the request to serve a deposition subpoena is denied without prejudice.

These findings do not preclude Mostafa Vahabzadeh from contesting the subpoena for documents.  The Ninth Circuit has held that applications for subpoenas pursuant to section 1782 may be filed ex parte because "[t]he witnesses can . . . raise[ ] objections and exercise[ ] their due process rights by motions to quash the subpoenas." *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976).  Mostafa Vahabzadeh shall therefore have 30 calendar days after the service of the document subpoena to contest it.  The return date on the subpoena must be set at least 30 days after service.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's application is granted in part.  Petitioner may serve the subpoena attached as Exhibit 1 to the application.  Petitioner's request for leave to serve the deposition subpoena attached as Exhibit 2 to the application is denied without prejudice.

**IT IS SO ORDERED.**

Dated: August 28, 2020

_____
Donna M. Ryu
United States Magistrate Judge

5